**Jose Baltazar CORREAS-ORELLANO,**
Petitioner

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 00-71008.

BIA No. A28-718-426.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided May 24, 2002.

Before PREGERSON, TASHIMA and BERZON, Circuit Judges.

MEMORANDUM *

Jose Baltazar Correas-Orellano ("Correas-Orellano") petitions for review the Board of Immigration Appeal's ("BIA") denial of his application for asylum and withholding of deportation.[1] We grant the petition for review and remand. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

The BIA determined that Correas-Orellano did not demonstrate past persecution or a well-founded fear of persecution, because the incidents forming the basis for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3.

1. We have jurisdiction pursuant to INA § 106, 8 U.S.C. § 1105a (1994), as amended by IIRIRA § 309(c)(4). *See* note to 8 U.S.C. § 1101.

his asylum claim were not of a level of harm amounting to persecution. The BIA did not address whether the incidents occurred on account of Correas–Orellano's actual or imputed political opinion.

1. We review for substantial evidence the BIA's determination that the incidents did not rise to the level of persecution and affirm unless the evidence "would compel any reasonable factfinder to reach a contrary result." *Ladha v. INS*, 215 F.3d 889, 896 (9th Cir.2000) (citations omitted); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

El Salvador's National Police jailed and beat Correas–Orellano on two separate occasions. The details of one incident are not clear from the record. On the other occasion the National Police took Correas–Orellano from his place of work blindfolded and at gunpoint, held him captive for 24 hours, punched him in the face repeatedly, dislocated his nose, created permanent dark patches under his eyes, and threatened his life.[2] This evidence compels the conclusion that Correas–Orellano suffered a level of harm amounting to persecution. *See Navas v. INS*, 217 F.3d 646, 655 n. 9 (9th Cir.2000) ("Physical harm has been consistently treated as persecution.") (citation omitted); *id.* at 658 ("[W]e have consistently held that death threats alone can constitute persecution.") (citations omitted); *cf. Ventura v. INS*, 264 F.3d 1150, 1154 (9th Cir.2001) ("Death threats and forced recruitment efforts by a revolutionary group constitute persecution.") (citations omitted).

2. At oral argument, the government expressed its view that if we reversed as to whether the level of harm amounted to persecution, we should remand to allow the BIA to address for the first time whether Correas–Orellano was persecuted *on account of* his actual or imputed political opinion. We agree that remand for consideration of whether Correas–Orellano established eligibility for asylum or withholding of deportation is the appropriate disposition for this case. *Cf. Navas*, 217 F.3d at 658 n. 16 ("[T]his court cannot affirm the BIA on a ground upon which it did not rely.").

PETITION FOR REVIEW GRANTED and REMANDED.

---

**2.** Although the government correctly points out that Correas–Orellano did not testify at the hearing before the IJ that the National Police threatened his life, Correas–Orellano's asylum application—sworn to on penalty of perjury and included in the record here and before the agency—states more than once that the National Police did so threaten him. Because neither the BIA nor the IJ questioned the credibility of the factual assertions set forth in the asylum application, we accept them as true. *See Ladha*, 215 F.3d at 901.